UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                  :

IN RE APPLICATION OF THE NEW      :
YORK TIMES COMPANY IN THE
MATTER OF UNITED STATES OF        :
AMERICA v. CHRISTOPHER WADE.    :                      24-MC-45 (VSB)
                                                                  :
------------------------------------------------------------X                 **ORDER**

<u>VERNON S. BRODERICK</u>, United States District Judge:

By orders dated January 31, 2024, I directed the Government and Mr. Wade to respond to a motion filed by the New York Times Company (the "NYT"), requesting that I unseal the docket and all judicial records in *United States v. Christopher Wade*, No. 06-cr-594. I am now in receipt of a letter, filed ex parte and under seal, submitted on behalf of the Government ("Government Letter"), dated March 11, 2024, as well as a letter, also filed ex parte and under seal, submitted on behalf of Mr. Wade ("Wade Letter"), dated March 22, 2024. The Government filed a redacted version of the Government Letter on the public docket on April 18, 2024. (Doc. 9-1.)

On May 22, 2024, the NYT filed a letter requesting that I unseal the records identified in the Government Letter as disclosable—namely, the docket sheet (except for certain entries), criminal complaint, information, and judgment of conviction. (Doc. 10 at 2.) The NYT also sought leave to file a proposed briefing schedule, ten days after the documents are unsealed, to the extent that it believed additional motion practice is required. (*Id.*) For the reasons set forth below, the NYT's unsealing motion is GRANTED in part, without prejudice to renewing its request to unseal the remaining records in *United States v. Christopher Wade*, No. 06-cr-594.

"The public has a common law presumptive right of access to judicial documents, and likely a constitutional one as well." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir.

2004) (citation omitted). "This right of access is, of course, qualified, and documents may be sealed in some cases." *In re Applications to Unseal 98 CR 1101(ILG)*, 568 F. App'x 68, 69 (2d Cir. 2014). "Documents to which the public has a qualified right of access may be sealed only if 'specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *United States v. Aref*, 533 F.3d 72, 82 (2d Cir. 2008) (quoting *Press–Enter. Co. v. Super. Ct.*, 478 U.S. 1, 13–14 (1986)). The party seeking to seal a document—or, as is the case here, maintain a document under seal—bears the burden of overcoming that presumption of openness. *See Annunziato v. Collecto, Inc.*, 207 F. Supp. 3d 249, 268 (E.D.N.Y. 2016) ("A party seeking to maintain judicial documents under seal bears the burden 'of demonstrating what 'higher values' overcome the presumption of public access and justify sealing'" (quoting *E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10-CV-655, 2012 WL 691545, at *3 (S.D.N.Y. Mar. 2, 2012))).

Here, I conclude that the interests proffered by Mr. Wade are not sufficiently compelling to justify the continued sealing of the criminal complaint, information, and judgment of conviction. As the Government acknowledges, the information those documents reveal does not implicate the "higher values" necessary to justify maintaining them under seal. *Aref*, 533 F.3d at 82.

Although the Government also consents to the unsealing of certain docket entries in Mr. Wade's criminal case, there is currently no docket sheet to unseal. Because Mr. Wade's case was filed under seal, the parties submitted documents to the Court directly, a process that did not generate electronic docket entries on ECF. *Cf.* Standing Order M10-468, No. 19-MC-583 (CM) (S.D.N.Y. Dec. 19, 2019) (changing the Southern District of New York's procedures in 2019 to allow for electronic filing of sealed documents). The Government shall meet and confer with

Mr. Wade to create a docket sheet by compiling a list of the filings that were submitted to the Court in *United States v. Christopher Wade*, No. 06-cr-594. After the Government and Mr. Wade compile the docket sheet, the Government shall share it with the Court directly by emailing the list to bodericknysdchambers@nysd.uscourts.gov. I invite the Government and Mr. Wade to provide, also via direct submission to the Court, their respective positions on which docket sheet entries should be unsealed, as well as which entries should remain sealed. The Court will rule on the status of the entries at issue, if any.

Because the NYT's May 22 letter narrows the scope of its unsealing request, I need not, at this juncture, consider whether other records in Mr. Wade's criminal case implicate a compelling interest. Indeed, my conclusion that certain records should be unsealed in no way suggests that others warrant similar treatment. To the extent that the NYT wishes to renew its request to unseal other records in *United States v. Christopher Wade*, No. 06-cr-594, it may do so within ten days after the Court order on the status of the docket sheet.

Accordingly, the NYT's unsealing motion is GRANTED in part. The criminal complaint, the information, and the judgment of conviction are hereby UNSEALED. The Clerk of Court is respectfully directed to file the criminal complaint, the information, and the judgment of conviction on ECF under *United States v. Christopher Wade*, No. 06-cr-594.

IT IS FURTHER ORDERED that the Government and Mr. Wade confer regarding the creation of a docket sheet for *United States v. Christopher Wade*, No. 06-cr-594. The Government is ORDERED to submit this list to bodericknysdchambers@nysd.uscourts.gov by October 24, 2024. To the extent that the Government and Mr. Wade would like to provide their respective positions on which additional docket entries should be unsealed, if any, the

Government and Mr. Wade may each submit a letter by October 24, 2024 to

brodericknysdchambers@nysd.uscourts.gov.

SO ORDERED.

Dated: October 9, 2024
       New York, New York

                                        Vernon S. Broderick
                                      United States District Judge